Brian W. Farabough
State Bar No. 24072989
LOVELL ISERN & FARABOUGH, LLP
112 SW 8th Avenue, Suite 1000
Amarillo, Texas 79101-2314
(806) 373-1515
(806) 379-7176 – Fax
brian@lovell-law.net

COUNSEL FOR DEBTOR, SPITFIRE ENERGY GROUP LLC,

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | | |
|---|---|---|
| IN RE: | § § | |
| SPITFIRE ENERGY GROUP LLC, | § § | CASE NO. 23-20186-11 (RLJ) |
| Debtor. | § § § | Chapter 11 |

| | | |
|---|---|---|
| SPITFIRE ENERGY GROUP LLC, | § § | |
| Plaintiff, | § § | |
| v. | § § | ADVERSARY NO. _____ |
| B&B FLUIDS, LLC; JACOB MINDEN BRITT; Individually; JACOB MINDEN BRITT as INDEPENDENT EXECUTOR OF THE ESTATE OF DAVID MADISON BRITT, JR.; JACOB MINDEN BRITT, as TRUSTEE OF THE JACOB MINDEN BRITT 2012 GST TRUST; JACOB MINDEN BRITT as TRUSTEE OF THE JOSHUA DAVID BRIT 2012 GST TRUST; JACOB MINDEN BRITT as TRUSTEE OF THE JACOB MINDEN BRITT EXEMPT TRUST U/T/A 10.02.2009; JOSHUA DAVID BRITT, individually; JOSHUA DAVID BRITT as INDEPENDENT EXECUTOR OF THE ESTATE OF DAVID MADISON BRITT, JR.; JOSHUA DAVID BRITT, as TRUSTEE OF THE JACOB MINDEN BRITT 2012 GST TRUST; JOSHUA DAVID BRITT as | § § § § § § § § § § § § § § § § § § § § § § | |

PLAINTIFF'S ORIGINAL COMPLAINT                                                                                              Page 1

| | |
|---|---|
| **TRUSTEE OF THE JOSHUA DAVID BRIT 2012 GST TRUST; JOSHUA DAVID BRITT as TRUSTEE OF THE JACOB MINDEN BRITT EXEMPT TRUST U/T/A 10.02.2009; MARY ALBERS BRITT, individually, and as TRUSTEE OF THE BRITT MARITAL TRUST, BRITT ENTERPRISES, INC.** | § § § § § § § § § § |
| **Defendants.** | § |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, SPITFIRE ENERGY GROUP, LLC ("Spitfire") debtor, in bankruptcy case 23-20186-11 (RLJ), *In Re: SPITFIRE ENERGY GROUP, LLC* by and through their attorneys, files this Complaint against B&B FLUIDS, LLC, JACOB MINDEN BRITT and JOSHUA DAVID BRITT, in their individual capacity, as well as their various capacities as: INDEPENDENT EXECUTORS OF THE ESTATE OF DAVID MADISON BRITT, JR., DECEASED; (ii) TRUSTEES OF THE JACOB MINDEN BRITT 2012 GST TRUST, THE JOSHUA DAVID BRITT 2012 GST TRUST, THE JACOB MINDEN BRITT EXEMPT TRUST U/T/A 10.02.2009, AND THE JOSHUA DAVID BRITT EXEMPT TRUST U/T/A 10.02.2009; MARY ALBERS BRITT, in her individual capacity, as well as her capacity as the TRUSTEE OF THE BRITT MARITAL TRUST; and BRITT ENTERPRISES, INC. For cause of action, Spitfire will respectfully show the Court the following:

### I.  PARTIES

1. Plaintiff or Debtor Spitfire Energy Group, LLC is an Oklahoma limited liability company with its principal place of business located at 9400 Broadway Ext., Suite 700, Oklahoma City, Oklahoma 73114.

2. Defendant B&B FLUIDS, LLC, is a Texas limited liability company with its principal place of business located at 8104 FM 592, Wheeler, Texas 79096. **B&B FLUIDS, LLC**

**MAY BE SERVED THIS PETITION BY SERVICE VIA ITS REGISTERED AGENT JACOB M. BRITT, 8096 FM 592, WHEELER, TEXAS 79096.**

3. Defendant JACOB MINDEN BRITT, individually and as INDEPENDENT EXECUTOR OF THE ESTATE OF DAVID MADISON BRITT, JR., DECEASED; and (ii) as TRUSTEE OF THE JACOB MINDEN BRITT 2012 GST TRUST, THE JOSHUA DAVID BRITT 2012 GST TRUST, THE JACOB MINDEN BRITT EXEMPT TRUST U/T/A 10.02.2009, AND THE JOSHUA DAVID BRITT EXEMPT TRUST U/T/A 10.02.2009, is an individual residing in Wheeler County, Texas. **JACOB MINDEN BRITT MAY BE SERVED THIS PETITION BY SERVICE AT 8096 FM 592, WHEELER, TEXAS 79096.**

4. Defendant JOSHUA DAVID BRITT, individually and as INDEPENDENT EXECUTOR OF THE ESTATE OF DAVID MADISON BRITT, JR., DECEASED; and (ii) TRUSTEE OF THE JACOB MINDEN BRITT 2012 GST TRUST, THE JOSHUA DAVID BRITT 2012 GST TRUST, THE JACOB MINDEN BRITT EXEMPT TRUST U/T/A 10.02.2009, AND THE JOSHUA DAVID BRITT EXEMPT TRUST U/T/A 10.02.2009, is an individual residing in Wheeler County, Texas. **JOSHUA DAVID BRITT MAY BE SERVED THIS PETITION BY SERVICE AT 8096 FM 592, WHEELER, TEXAS 79096.**

5. MARY ALBERS BRITT, individually and as TRUSTEE OF THE BRITT MARITAL TRUST, is an individual residing in Wheeler County, Texas. **MARY ALBERS BRITT MAY BE SERVED THIS PETITION BY SERVICE AT 8096 FM 592, WHEELER, TEXAS 79096.**

6. BRITT ENTERPRISES, INC. is a Texas Corporation with its principal place of business located at 8104 FM 592, Wheeler, Texas 79076. **BRITT ENTERPRISES, INC. MAY BE SERVED THIS PETITION BY SERVICE AT 8096 FM 592, WHEELER, TEXAS 79096.**

## II. JURISDICTION AND VENUE

7. This is an action to establish that Debtor is owed damages from certain business entities, the Defendants, which damages are property of the estate pursuant to 11 U.S.C. § 541.

Document  Page 4 of 11

Such proceedings are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(A) and (E). This Court therefore has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334.

8. Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409.

### III. FACTS

9. On or about July 1, 2019, Le Norman Operating, LLC entered into a Surface Lease and Salt Water Disposal Agreement (hereinafter the "Agreement") with the Defendants. A true and correct copy of the Agreement is incorporated in the Appendix to Plaintiff's Original Complaint ("Appx.") as Exhibit 1 (Appx. pp. 3-47). Spitfire is the successor in interest to Le Norman Operating, LLC, thus, Plaintiff will simply refer to Spitfire throughout this Petition.

10. The Defendants own land located in Wheeler County, Texas, more fully described in Exhibit 1-A (hereinafter the "Ranch") (Appx. pp. 16-17). Spitfire owns three saltwater disposal wellbores located on two tracts of land, known as saltwater disposal sites, more fully described in Exhibit 1-B (Appx. pp. 18).

11. Pursuant to the Agreement, at a later date, Spitfire and the Defendants would choose a tract of land, not to exceed 10 acres, on one of the following sections of the Ranch: Section 1, Blk. 5, Section 6, Blk 1, or Section 7 Blk 1, where Spitfire would construct a Receiving Site. Spitfire owns oil and gas leases covering lands included in the Ranch, including, but not limited to those oil and gas leases described in Exhibit 1-C (Appx. pp. 19-21).

12. For their mutual benefit, the Parties also entered into an Amended Surface Use Agreement. A true and correct copy of the Amended Surface Use Agreement is attached hereto as Exhibit 1-D (Appx. pp. 22-39).

13. Pursuant to the terms of the Agreement, for a term beginning on July 1, 2019, and for a period of ten years thereafter, the Defendants leased exclusively to Spitfire, the saltwater disposal wellbores, the saltwater disposal sites, and the Receiving Site (collectively the "Sites")

and granted Spitfire the rights of ingress and egress to the Sites, subject to the terms of the Agreement.  (Appx p. 3, ¶ 2).

14. The Agreement provided that Spitfire shall have the *exclusive right* and obligation to inject through the saltwater disposal wellbores on the saltwater disposal sites, all saltwater (including all associated liquid waste) produced from oil and gas wells located on the Ranch covered by the oil and gas leases owned by Defendants.  (Appx. p. 4, ¶ 2).  The Agreement states as follows:

> 2. **Use of a Site**. During the term of this Agreement, Lessee shall have the ***exclusive right and obligation*** to inject through one or both of the existing SWDs on the SWD Sites, all salt water (including all associated liquid waste) produced from oil and gas wells located on land covered by the Leases ("**on-lease salt water**"), as well as the right, but not the obligation, to inject through the existing SWDs on the SWD Sites, salt water (including all associated liquid waste) produced from oil and gas wells not located on the lands covered by the Leases ("**off-lease salt water**").

(Appx. p. 4, ¶ 2) (emphasis added).

15. In other words, the Agreement requires on-lease saltwater production to be disposed on the premises at disposal wells owned and operated by Spitfire, with disposal fee proceeds payable to the Defendants, as the surface owners. One of the concerns addressed by Agreement is the reduction of traffic afforded by the dedicated saltwater gathering infrastructure servicing the Ranch. Thus, the Agreement benefits not only Spitfire, but the Defendants, as surface owners.

16. Pursuant to the Agreement, Spitfire is required to pay Defendants the sum of $.25 per barrel for each barrel of saltwater disposed of on the Leased Premises. (Appx. p. 5, ¶ 4). In the event that the per barrel rate does not generate a payment of $10,000 to the Defendants for any month during the term of the Agreement, Spitfire shall pay the Defendants a minimum rental rate of $10,000 per month. (Appx. p. 5, ¶ 4). Since August 2020, Spitfire has continued to pay the

minimum rental rate to the Defendants for the exclusive right to dispose of all saltwater produced from the oil and gas wells on the Ranch covered by the oil and gas leases. Defendants have continued to accept the rental payments under the terms of the Agreement, but Spitfire is not receiving the benefit of its bargain.

17. Spitfire performed its obligations created by and through the Agreement in providing its facilities and services to dispose of the Defendants' saltwater production in accordance with the terms of the Agreement. The performance of both parties pursuant to the obligations identified in the Agreement was mutually beneficial. The Defendants received the benefit of competitive disposal fees based on committed infrastructure – the saltwater gathering system and disposal wells operated by Spitfire. And, Spitfire received acreage commitments for saltwater disposal that justified the investment in the infrastructure and operations. Moreover, the Defendants, as surface owners of the dedicated acreage, received the benefit of negotiated proceeds and reduced surface use burdens as a result of the dedication and infrastructure investment related to these saltwater disposal facilities.

18. However, on information and belief, the Defendants have allowed Presidio Petroleum, LLC to haul the on-lease saltwater off the Ranch and to dispose of it off site in violation of the exclusive use Agreement, even though the Defendants have continued to receive the $10,000 minimum rental payment for Spitfire's exclusive use. Spitfire's injury and damage as a result of Defendants' breach of the Agreement includes the payments made and accepted despite the Defendants' failure to provide Spitfire the bargained for exclusivity under the Agreement. Presidio has not used the Spitfire system and disposal wells on the Ranch since August 2020, which is when it took over operation of the oil and gas leases covered by the Agreement. Thirty-five months of minimum payments in the amount of $10,000 have been taken by the Defendants, and thirty-five

months of exclusive rights under the Agreement have not been received by Spitfire. At a minimum Spitfire has not received the benefit of its bargain as to at least $350,000 in payments since August 2020. Additionally, Spitfire has not received the benefit of payments from disposal of fluids for which it had the exclusive disposal right under the Agreement.

19. Spitfire has lost profits as a result of not receiving the benefit of its bargain with Defendants. Spitfire currently calculates its lost profits associated with the Defendants breach of the Agreement to be over $2,200,000.00 US Dollars. These lost profits damages are calculated based on the forecasted produced water volumes, skim oil volumes and values, estimated expenses, and net cash flows from August 1, 2020 through August 31, 2023.

20. On information and belief, the Defendants' breach of the Agreement has also resulted in the following:

(1) oil and gas wells with full saltwater tanks to be shut-in until water is hauled away;

(2) saltwater disposal rates to increase over the cost of disposal as a result of engaging a third-party hauler that must truck all saltwater production off the dedicated acreage to other, more distant disposal wells;

(3) increased and unnecessary use of the surface in violation of express and implied surface use rights associated with oil and gas leases for saltwater disposal when a dedicated saltwater gathering system could be utilized at the least expense to all affected parties, and with less burdens on the surface;

(4) lost saltwater disposal proceeds for both Spitfire and the Defendants, as surface estate owners;

(5) excessive surface use in environmentally sensitive areas and an increased likelihood of environmental damage resulting from the drastically increased saltwater hauling activities necessitated by its breach of the obligations with the water haulers; and,

(6) increased and unnecessary truck traffic resulting from the drastically increased saltwater hauling activities necessitated by the breach of the Agreement, which cause unnecessary wear and tear to area roads and increase the likelihood of accidents.

The Defendants' breach of the Agreement has injured Spitfire and continues to injure

Spitfire, necessitating this lawsuit.

## IV.  CAUSES OF ACTION

### A. BREACH OF CONTRACT

21. Spitfire incorporates by reference the facts stated in Paragraphs 1 through 23 above.

22. The exclusive use rights created by and through the Agreement are valid and binding.

23. Spitfire was ready willing, and able to exercise its exclusive rights and perform its obligations, as it had been doing until the time that the Defendants started allowing Presidio to remove the on-Ranch saltwater. Since August 2020, Spitfire has continued to pay the minimum $10,000.00 per month rental rate to the Defendants for the exclusive right to dispose of all saltwater produced from the oil and gas wells on the Ranch covered by the oil and gas leases. Defendants have continued to accept the rental payments and other benefits under the terms of the Agreement, but Spitfire is not receiving the benefit of its bargain as a result of Defendants' breach of the Agreement.

24. Spitfire has been damaged by the Defendants' breach of the Agreement.

### B. UNJUST ENRICHMENT

25. Spitfire incorporates by reference the facts stated in Paragraphs 1 through 23 above.

26. Spitfire has performed under the Agreement as contemplated by the parties.

27. Defendants have obtained the benefit of Spitfire's performance under the Agreement by fraud, duress, or taking undue advantage of Spitfire, or the facts may show the Agreement is unenforceable, impossible to perform by Defendants, not fully performed by Defendants, thwarted by mutual mistake, or void for other legal reasons.

28. Spitfire has been damaged by the Defendants' acts or omissions and should be entitled to recover the monthly $10,000.00 minimum royalty payments it paid to Defendants'

which were accepted and retained by Defendants.

### C. DECLARATORY JUDGMENT

29. Spitfire incorporates by reference the facts stated in Paragraphs 1 through 27 above.

30. Pursuant to Texas Civil Practice & Remedies Code § 37.001 *et seq.*, Spitfire hereby makes its claim to declaratory relief to the extent the Court finds the Agreement requires interpretation to determine Defendants' breach of contract or the exclusivity of Spitfire's right to dispose of produced water from the Ranch into one of Spitfire's disposal wells on the Ranch.

### D. ATTORNEY'S FEES

31. Spitfire incorporates by reference the facts stated in Paragraphs 1 through 29 above.

32. Spitfire has been forced to engage counsel and file this suit based on the above acts and omissions of the Defendants, and as a result has incurred attorney's fees and costs. Spitfire seeks to recover its reasonable attorney's fees and costs from the Defendants pursuant to Texas Civil Practice & Remedies Code Sections 37.009 and 38.001.

## V. DEBTOR'S CLAIM FOR RELIEF

33. As a result of the Defendants conduct, set forth above, and pursuant to Texas Rule of Civil Procedure 47(c) requiring a statement of damages, Spitfire seeks monetary relief over $1,000,000.

## VI. DAMAGES

34. Spitfire seeks monetary damages as a result of the Defendants' acts and omissions.

35. Since August 2020, Spitfire has paid the minimum rental payment of $10,000 per month to Defendants for the exclusive right to inject saltwater produced from the Leases covered by the Agreement through the saltwater disposal wellbores Spitfire owns and operates on the Ranch. Further, Spitfire is entitled to the prorated amount of any payment made for damages under the Agreement. These damages are currently estimated to be at least $350,000.00.

36. Further, the Defendants' failure to comply with the contractual obligations created by and through the Agreement, cost Spitfire lost profits resulting from the loss of that expected revenue. Spitfire also seeks those lost profit expectancy damages in this lawsuit. These lost profits can be calculated by determining gross proceeds from lost disposal opportunities based on historic saltwater production and declines from wells on the Ranch, and subtracting estimated expenses associated with those lost operations. Currently, those lost profits are estimated to be at least $2,204,318.00, and as much as $2,545,825.00.

## VII. PRAYER

Spitfire prays that the Defendants be cited to appear, and that upon final trial and hearing hereof, the Court enter judgment against the Defendants in favor of Spitfire for breach of the Agreement and the amount of damages Spitfire suffered as a result of the Defendants' wrongful conduct and unjust enrichment, for costs of court, pre-judgment and post-judgment interest as allowed by law. Spitfire prays for the declaratory relief sought herein, as necessary to enforce the Agreement and protect Spitfire's rights pursuant to the Agreement. Spitfire prays for such other and further relief, whether legal or equitable, whether general or special, to which it may show itself justly entitled.

DATED this 26th day of June, 2024.

Respectfully submitted,

LOVELL, ISERN & FARABOUGH, LLP
Brian W. Farabough, TX SBN 24072989
brian@lovell-law.net
112 SW 8th Avenue, Suite 1000
Amarillo, Texas 79101
Telephone: (806) 373-1515
Facsimile: (806) 379-7176

-and-

L<span></span>OVELL H<span></span>OFFMAN L<span></span>AW PLLC
Joe L. Lovell, TX SBN 12609100
joe@lovellhoffman.com
1008 S. Madison
Amarillo, Texas  79101
Telephone: (806) 376-8903
Facsimile:  (806) 376-5345

By:  */s/ Brian W. Farabough*
      Brian W. Farabough

***Attorneys for Debtor***